UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD RICCIO,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF OLD SAYBROOK;<br>CHIEF OF POLICE MICHAEL SPERA,<br>individually and in his official<br>capacity, PATROLMAN TYLER<br>SCHULZ, individually and in his<br>official capacity, PATROLMAN<br>JUSTIN HANNA, individually and in<br>his official capacity,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:      JUNE 17, 2021<br>:<br>: |

## COMPLAINT

COMES NOW the Plaintiff, Edward Riccio, by and through counsel, brings this civil action for violations of his civil rights secured and protected by the Civil Rights Act of 1871, 42 U.S.C. 1983, and the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution, as well as the common and statutory laws of the State of Connecticut, for which he seeks damages, attorneys' fees, and costs.

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction over related state law claims).

2. Venue is proper. 28 U.S.C. § 1367 The acts and omissions complained of occurred within the State of Connecticut. 28 U.S.C. § 1391.

1

## FIRST COUNT
## 42 U.S.C. § 1983
## ARREST WITHOUT PROBABLE CAUSE IN VIOLATION
## OF THE FOURTH AMENDMENT
## (against Schulz and Hanna)

3. At all times herein mentioned, the plaintiff, Edward Riccio, was a resident of Old Saybrook, Connecticut.

4. The defendant, the Town of Old Saybrook, is a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State and acting at all pertinent times herein through its duly authorized agents, employees and/or representatives.

5. At all times relevant times herein, the Defendant Chief of Police Michael Spera, was the Chief of Police for Old Saybrook the Town's final policymaker in the area of law enforcement.

6. Chief Spera is sued in his individual and official capacity.

7. At all relevant times described herein, the Defendant, Officer Tyler Schulz, was a police officer with the Old Saybrook Police Department, was acting under color of law, and is sued individually and in his official capacity.

8. At all relevant times, Defendant Officer Tyler Schulz was in control of and was responsible for the control of a police dog (the "K-9 unit"), which was the property of the Old Saybrook Police Department.

9. At all relevant times described herein, the Defendant, Patrolman Justin Hanna, was a police officer with the Old Saybrook Police, was acting under color of law, and is sued individually and in his official capacity.

10. On November 1, 2019, at approximately 7:52 PM, Plaintiff was driving southbound on Interstate 95 in Old Saybrook near the intersection of Route 9.

11. At that time and place, the Plaintiff's steering wheel locked, causing his vehicle to crash into a jersey barrier.

12. Plaintiff, dazed, disoriented and confused from the collision, began walking down I-95 searching for help.

13. While walking on an exit ramp, the Plaintiff encountered Officer Schulz, who was handling a K-9 Unit.

14. Plaintiff told Schulz he was looking for help.

15. Although the plaintiff was not a physical threat, had not committed a crime, Officer Schulz issued a command to his K-9 unit, causing the K-9 unit to suddenly and aggressively attack the Plaintiff, knocking him to the ground.

16. The K-9 unit viciously attacked the plaintiff, latching onto plaintiff's leg with its teeth and refusing to release the plaintiff.

17. Officer Schulz also began to beat the Plaintiff with his fists.

18. When Patrolman Hanna arrived, he also began to beat the Plaintiff.

19. Eventually the plaintiff was transported to the Middlesex Hospital where he received treatment for his injuries.

20. The Defendants arrested the Plaintiff despite lack of probable cause.

21. As a direct result of the Defendants' actions, Plaintiff required three eye surgeries to repair a detached retina in his left eye, and his vision is permanently impaired as a result.

22. As a direct result of the Defendants' actions, Plaintiff has required continuing psychological treatment for trauma.

23. As a direct result of the Defendants' actions, the plaintiff suffered psychological trauma, physical injury, humiliation, pain and suffering, and damage to his reputation and character, as well as other injuries and damages more particularly set forth herein, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C. § 1983.

24. As a direct and proximate result of the violation, Plaintiff is entitled to relief under 42 U.S.C § 1983.

25. Statutory notice of the plaintiff's civil rights claims against the defendant police officers, and intention to bring this action, was given to the Town of Old Saybrook, pursuant to § 7-465 of the Connecticut General Statutes, a copy of which is attached hereto as "Exhibit A".

## SECOND COUNT
## COMMON LAW ASSAULT & BATTERY
### (against Schulz and Hanna)

1-25. Paragraphs 1-25 of the First Count are incorporated herein by reference.

26. The Defendant intended to and did put Plaintiff in apprehension of imminent and serious bodily harm and did in fact, produce such serious bodily harm as described more particularly herein.

## THIRD COUNT
## USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983
### (against Schulz and Hanna)

1-26. Paragraphs 1-26 of the Second Count are incorporated by reference.

27. The Defendant's use of the K-9 constituted an unreasonable use of force in violation of the Fourth Amendment.

28. As a direct and proximate result of the violation, Plaintiff is entitled to relief under 42 U.S.C § 1983.

## FOURTH COUNT: 42 U.S.C. § 1983
## FAILURE TO INTERVENE
### (against Hanna)

1-28. Paragraphs 1-28 of the Third Count are incorporated herein by reference.

29. The Defendant failed to intervene to prevent and/or stop the unreasonable and unjustifiable arrest of the Plaintiff, despite the duty to do so.

30. As a direct and proximate consequence of the Defendants' action, the Plaintiff suffered damages, including physical injury and psychological trauma, as set forth above, and is entitled to relief under 42 U.S.C. § 1983.

## FIFTH COUNT: NEGLIGENCE
### (against Schulz and Hanna)

1-30. Paragraphs 1-30 of the Fourth Count are incorporated herein by reference.

31. The Defendants exhibited a lack of reasonable care, in one or more of the following ways:

   a. By failing to reasonably investigate the circumstances before and/or while arresting, apprehending or subduing the plaintiff;

   b. In escalating a non-violent incident into one involving a high level of force.

   c. By applying unreasonable force by causing the K-9 Unit to viciously attack Edward Riccio.

32. The Defendants knew or reasonably should have known or foreseen that his unjustifiable and unreasonable conduct would cause serious and permanent injury to Plaintiff.

33. As a direct and proximate result of the Defendants' acts and omissions, Plaintiff suffered severe and permanent physical and emotional injuries, humiliation, pain and suffering, and damage to his reputation and character, as more particularly set forth herein.

## SIXTH COUNT

## INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 52-557n

1-33. Paragraphs 1-33 of the Fifth Count are incorporated by reference.

34. The Defendant Old Saybrook Police Officers' conduct, as described herein, occurred while they were acting as agents and employees of the Town of Old Saybrook, with a purpose to further the interests of the Town of Old Saybrook.

35. The Defendant Officers' negligent conduct as aforesaid, subjected Plaintiff Edward Riccio, an identifiable victim, to foreseeable imminent harm, which did, in fact occur.

36. As a result, Town of Old Saybrook is liable to Plaintiff for the negligent acts of Defendant Officer committed in the course and scope of his employment.

## SEVENTH COUNT: RECKLESSNESS
(against Schulz and Hanna)

1-36. Paragraphs 1-36 of the Sixth Count are incorporated by reference.

37. Defendants Schulz and Hanna acted conscious disregard for the life, health and well-being of the Plaintiff as aforesaid, in derogation of their duties, as follows

   a. He commanded and allowed a police dog to attack the plaintiff despite the lack of any threat.

   b. He permitted the K-9 Unit to viciously attack the plaintiff for an unreasonable amount of time and failed to intervene to prevent or stop the K-9 Unit's continued attack, thereby deliberately and/or willfully violating Plaintiff's Constitutional rights, as aforesaid;

   c. The Defendants beat the plaintiff in violation of the Fourth Amendment.

38. Accordingly, Plaintiff is entitled to an award of damages.

## EIGHTH COUNT:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(against Schulz and Hanna)

6

1-38.   Paragraphs 1-38 of the Seventh Count are incorporated by reference.

39.   The aforementioned actions of Defendants were intentional, willful and deliberate and caused the Plaintiff to suffer from severe emotional distress.

40.   Said conduct was extreme and outrageous.

41.   The defendants' conduct was the sole cause of the Plaintiff's distress.

42.   The Defendants should have reasonably foreseen that severe emotional distress would have resulted from their actions.

43.   The emotional distress sustained by the Plaintiff was severe.

44.   As a result of the defendants' actions, the plaintiff suffered damages, as set forth above.

## NINTH COUNT
## MONELL VIOLATION PURSUANT TO 42 U.S.C § 1983

1-44.   Paragraphs 1-44 of the Eighth Count are incorporated by reference.

45.   Chief of Police Spera and the Town failed to adequately train and supervise the Defendants in the seizure of its citizens.

46.   Prior to the incident involving the plaintiff, the Defendants were aware of a pattern of the use of unreasonable force, two took no action to discipline the violators, thus tacitly authorizing or condoning such conduct.

47.   The Town is vested by state law to make policy for the use of force and making arrests.

48.   The Town was aware of a pattern of excessive force by police officers employed by Town; they were aware that the Town's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct those

policies would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon the plaintiff as set forth above.

49. The Town had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.

50. The Town approved or ratified the unlawful, deliberate, malicious reckless, and wanting conduct of the defendants heretofore described.

51. As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered damages, as set forth above, and is entitled to relief under 42 U.S.C. § 1983.

## TENTH COUNT
## INDEMNIFICATION PURSUANT TO CONNECTICUT GENERAL STATUTES § 7-465

1-51. Paragraphs 1-51 of the Ninth Count are hereby incorporated by reference.

52. The Town of Old Saybrook is legally liable to pay on behalf of the Defendant all sums which the Defendant become obligated to pay by reason of the aforesaid causes of action imposed upon such employees by law for damages awarded for the violation of common law rights and infringement of the civil rights and physical damages to the person and/or property of Plaintiff as a result of the events complained of herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

1. Monetary damages;

2. A Court order, pursuant to 42 U.S.C. § 1988, that he is entitled to reasonable attorney's fees and costs incurred in maintaining this action pursuant to 42 U.S.C.§ 1983, as pleaded herein;

3. Such other relief in law or equity as the Court may deem just and proper.

THE PLAINTIFF,
EDWARD RICCIO

By: _____
A. Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com

9