UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| EDWARD RICCIO, | : | CIV. NO. 3:21cv00821(RNC) |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TOWN OF OLD SAYBROOK, ET AL., | : | OCTOBER 4, 2021 |
| Defendants. | | |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants TOWN OF OLD SAYBROOK, MICHAEL SPERA, TYLER SCHULTZ and JUSTIN HANNA hereby answer plaintiff's complaint [Doc. 1], in part, as set forth below, and assert the following affirmative defenses. The defendants have filed a request for prefiling conference contemporaneously herewith on the Counts not addressed herein.

## COMPLAINT

As to the allegations set forth in the "Complaint" section of plaintiff's complaint, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

## JURISDICTION AND VENUE

1.  As to the allegations of Paragraph 1, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

2.  As to the allegations of Paragraph 2, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

# FIRST COUNT
## 42 U.S.C. § 1983 ARREST WITHOUT PROBABLE CAUSE
## IN VIOLATION OF THE FOURTH AMENDMENT
(against Schulz and Hanna)[1]

3. As to the allegations of Paragraph 3, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

4. The allegations of Paragraph 4 are admitted.

5. As to the allegations of Paragraph 5, it is admitted only that Michael Spera was the Chief of Police for the Town of Old Saybrook at all times relevant to plaintiff's complaint. As to the remaining allegations of Paragraph 5, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

6. As to the allegations of Paragraph 6, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

7. As to the allegations of Paragraph 7, it is admitted only that Tyler Schulz was a police officer with the Old Saybrook Police Department ("OSPD") at all times relevant to plaintiff's complaint. As to the remaining allegations of Paragraph 7, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

8. As to the allegations of Paragraph 8, it is admitted only that defendant Schulz was a K-9 officer with the OSPD at all times relevant to plaintiff's complaint. As to the remaining allegations of Paragraph 8, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

---

[1] The defendants do not address the official capacity claims at this time as they are the subject of their partial motion to dismiss filed contemporaneously herewith.

9. As to the allegations of Paragraph 9, it is admitted only that Justin Hanna was a police officer with the OSPD at all times relevant to plaintiff's complaint. As to the remaining allegations of Paragraph 9, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

10. As to the allegations of Paragraph 10, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

11. As to the allegations of Paragraph 11, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

12. As to the allegations of Paragraph 12, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

13. As to the allegations of Paragraph 13, it is admitted only that Officer Schulz encountered plaintiff, as a pedestrian, on the shoulder of Interstate 95 with a K-9 Unit. As to the remaining allegations of Paragraph 13, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

14. As to the allegations of paragraph 14, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. As to the allegations of Paragraph 19, it is admitted only that plaintiff was transported to Middlesex Hospital after his interaction with the defendants. As to the remaining allegations of Paragraph 19, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. As to the allegations of Paragraph 25, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiffs to their proof.

**SECOND COUNT**
**COMMON LAW ASSAULT & BATTERY**
(against Schulz and Hanna)[2]

1-25. The defendants incorporate by reference their responses to Paragraphs 1 through 25 as if fully set forth herein.

26. The allegations of Paragraph 26 are denied.

---

[2] The defendants do not address the official capacity claims at this time as they are the subject of their partial motion to dismiss filed contemporaneously herewith.

### THIRD COUNT
### USE OF EXCESSIVE FORCE IN VIOLATION OF THE
### FOURTH AMENDMENT 42 U.S.C. § 1983
### (against Schulz and Hanna)[3]

1-26. The defendants incorporate by reference their responses to Paragraphs 1 through 26 as if fully set forth herein.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

### FOURTH COUNT
### 42 U.S.C. § 1983 FAILURE TO INTERVENE
### (against Hanna)[4]

1-28. The defendants incorporate by reference their responses to Paragraphs 1 through 28 as if fully set forth herein.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

### FIFTH COUNT
### NEGLIGENCE
### (against Schulz and Hanna)[5]

1-30. The defendants incorporate by reference their responses to Paragraphs 1 through 30 as if fully set forth herein.

31-31(c). The allegations of Paragraphs 31 through 31(c) inclusive, are denied.

32. The allegations of Paragraph 32 are denied.

---

[3] The defendants do not address the official capacity claims at this time as they are the subject of their partial motion to dismiss filed contemporaneously herewith.
[4] The defendants do not address the official capacity claims at this time as they are the subject of their partial motion to dismiss filed contemporaneously herewith.
[5] The defendants do not address the official capacity claims at this time as they are the subject of their partial motion to dismiss filed contemporaneously herewith.

33. The allegations of Paragraph 33 are denied.

## SIXTH COUNT
## INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 52-557n

1-33. The defendants incorporate by reference their responses to Paragraphs 1 through 33 as if fully set forth herein.

34. As to the allegations of Paragraph 34, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

35. The allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 36 are denied.

## SEVENTH COUNT
## RECKLESSNESS
### (against Schulz and Hanna)[6]

1-36. The defendants incorporate by reference their responses to Paragraphs 1 through 36 as if fully set forth herein.

37-37(c). The allegations of Paragraphs 37-37(c) inclusive, are denied.

38. The allegations of Paragraph 38 are denied.

## EIGHTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Schulz and Hanna)[7]

1-38. The defendants incorporate by reference their responses to Paragraphs 1 through 38 as if fully set forth herein.

---

[6] The defendants do not address the official capacity claims at this time as they are the subject of their partial motion to dismiss filed contemporaneously herewith.

[7] The defendants do not address the official capacity claims at this time as they are the subject of their partial motion to dismiss filed contemporaneously herewith.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraphs 42 are denied.

43. The allegations of Paragraphs 43 are denied.

44. The allegations of Paragraphs 44 are denied.

## NINTH COUNT
## MONELL VIOLATION PURSUANT TO 42 U.S.C. § 1983

The defendants do not address this Count at this time as it is the subject of their request for prefiling conference filed contemporaneously herewith.

## TENTH COUNT
## INDEMNIFICATION PURSUANT TO CONNECTICUT GENERAL STATUTES § 7-465

1-51. The defendants incorporate by reference their responses to Paragraphs 1 through 38 as if fully set forth herein.

52. As to the allegations of Paragraph 52, the defendants have insufficient knowledge or information upon which to form an opinion or belief and, therefore, leave the plaintiff to his proof.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's complaint, or specific portions thereof, fail[s] to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from all liability as a result.

**THIRD AFFIRMATIVE DEFENSE**

The actions and conduct of the individual defendants did not violate any clearly established constitutional or federal statutory right of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**

Pursuant to Connecticut General Statutes § 52-557n, or the common law, the defendants are entitled to governmental immunity in that their actions were performed in good faith, without malice, and in the discretionary performance of governmental duties.

**FIFTH AFFIRMATIVE DEFENSE**

Pursuant to Connecticut General Statutes § 52-572h, to the extent the plaintiff was injured, the plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses alleged in the complaint, in that:

    a.    he was impaired and under the influence of drugs and/or alcohol;

    b.    he failed to act as a reasonable, prudent person under the circumstances;

    c.    he failed to comply with the officers' lawful commands;

    d.    he failed to cooperate with the officers' investigation of the complaint received from a concerned citizen regarding a possible intoxicated driver; and

    e.      he was confrontational and physical with the defendants on scene such that they had to respond with a reasonable amount of force to control the situation.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to Connecticut General Statutes § 7-465, the plaintiff failed to timely provide notice of their intention to file this action.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims, or specific portions thereof, are barred by the applicable statutes of limitations.

## JURY CLAIM

These defendants hereby claim this case to the jury docket.

                DEFENDANTS, TOWN OF OLD SAYBROOK, MICHAEL SPERA, TYLER SCHULTZ, and JUSTIN HANNA

                BY/ss/ James N. Tallberg
                James N. Tallberg
                Federal Bar No.: ct17849
                Andrew J. Glass
                Federal Bar No.: ct30054
                Karsten & Tallberg, LLC
                500 Enterprise Dr., Suite 4B
                Rocky Hill, CT 06067
                T: (860)233-5600
                F: (860)233-5800
                jtallberg@kt-lawfirm.com

## CERTIFICATION

I hereby certify that on October 4, 2021 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

/ss/ James N. Tallberg
James N. Tallberg