UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD RICCIO,<br>    *Plaintiff*, | )   3:21-CV-821 (SVN)<br>)<br>) |
| v. | )<br>) |
| TOWN OF OLD SAYBROOK,<br>CHIEF OF POLICE MICHAEL SPERA,<br>PATROLMAN TYLER SCHULZ, and<br>PATROLMAN JUSTIN HANNA<br>    *Defendants*. | )<br>)   September 29, 2022<br>)<br>)<br>) |

## ORDER AND RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

Plaintiff Edward Riccio ("Plaintiff") has brought this action against the Town of Old Saybrook, Connecticut, its Chief of Police Michael Spera, and Patrolmen Tyler Schulz and Justin Hanna (collectively, "Defendants"), alleging violations of his constitutional rights. Plaintiff's claims focus on a November 2019 incident in which Patrolman Schulz's K-9 unit allegedly attacked Plaintiff and both Patrolmen Schulz and Hannah allegedly assaulted him. Plaintiff's complaint consists of ten counts, including false arrest, excessive force, failure to intervene, and *Monell*[1] liability for failure to appropriately train and supervise, brought under 42 U.S.C. § 1983; state law claims for assault and battery, negligence, recklessness, intentional infliction of emotional distress; and state law indemnification claims.

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of all claims against Chief Spera, the *Monell* claim against the Town of Old Saybrook, and all claims in which Defendants are sued in their official capacities. Plaintiff concedes that the official capacity claims should be dismissed, but contends he has stated claims for relief against Chief Spera and against

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-94 (1978).

the Town of Old Saybrook for *Monell* liability. For the reasons below, the Court agrees with Defendants. Chief Spera is therefore dismissed from this case entirely. Count Nine, alleging *Monell* liability, is also dismissed.

## I. FACTUAL BACKGROUND

The following facts are taken as true for the purposes of the present motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 1, 2019, Plaintiff was driving southbound on Interstate 95 in Old Saybrook near the intersection of Route 9, when his steering wheel locked, causing his vehicle to crash into a jersey barrier. Compl., ECF No. 1, ¶¶ 10–11. After the collision, Plaintiff was dazed and disoriented and began walking down I-95 searching for help. *Id.* ¶ 12. Plaintiff proceeded to walk on an exit ramp, where he encountered Defendant Schulz and his police dog (the "K-9 unit"). *Id.* ¶ 13. Plaintiff told Schulz he was looking for help. *Id.* ¶ 14. Plaintiff alleges that he was not a physical threat and had not committed a crime; nevertheless, Officer Schulz proceeded to issue a "command to his K-9 unit, causing the K-9 unit to suddenly and aggressively attack the Plaintiff, knocking him to the ground." *Id.* ¶ 15. The K-9 unit latched onto Plaintiff's leg with its teeth, refusing to release him. *Id.* ¶ 16. Officer Schulz then began beating the Plaintiff with his fists. *Id.* ¶ 17. When a second officer, Defendant Hanna, arrived, he also started beating the Plaintiff. *Id.* ¶ 18. According to Plaintiff, Defendants arrested him despite lack of probable cause. *Id.* ¶ 20. Plaintiff was taken to Middlesex Hospital to treat his injuries; Plaintiff sustained injuries that "required three eye surgeries to repair a detached retina in his left eye." *Id.* ¶¶ 19, 21. Plaintiff's vision is now permanently impaired, and he requires continuing psychological treatment for trauma. *Id.* ¶¶ 21–22.

## II. LEGAL STANDARD

When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

However, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Relevant to this motion, Count Nine of Plaintiff's complaint alleges a claim against the Town of Old Saybrook and Chief of Police Spera under 42 U.S.C. § 1983, contending that they

3

are liable under *Monell* for failing to appropriately train and supervise Defendants Schulz and Hanna.[2]

Under *Monell v. Depaprtment of Social Services. of City of New York*, 436 U.S. 658, 690 (1978), a town or municipality can be directly liable for violations of 42 U.S.C. § 1983 committed by its police officers in certain situations. The Second Circuit has distilled the requirements of a *Monell* claim into three elements, holding that a plaintiff must plead: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). *Monell* "expressly prohibits *respondeat superior* liability for municipalities, meaning that a plaintiff must demonstrate that through its *deliberate* conduct, the municipality was the moving force behind the injury alleged." *Agosto v. N.Y. City Dep't of Educ.*, 982 F.3d 85, 98 (2d Cir. 2020) (cleaned up) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryant Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).

Defendants contend that Plaintiff has failed to allege a specific municipal policy that caused the alleged deprivation of his rights. A plaintiff may satisfy the policy or custom element by alleging the existence of: "(1) a formal policy; (2) actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of

---

[2] As noted above, Plaintiff has also alleged the following counts against Defendants Schulz and Hanna: (1) false arrest, under 42 U.S.C. § 1983; (2) common law assault and battery; (3) excessive force, under § 1983; (5) negligence; (7) recklessness; and (8) intentional infliction of emotional distress. Count Four, alleging failure to intervene, is brought against Defendant Hanna only. Although the complaint does not specify against which defendants Counts Six, Nine, and Ten are brought, it appears that the indemnification claims alleged in Counts Six and Ten are brought against the Town of Old Saybrook and the *Monell* claim is brought against the Town of Old Saybrook and Chief Spera.

policymakers; or (4) a failure to properly train or supervise municipal employees that amounts to deliberate indifferent to the rights of those with whom municipal employees will come into contact." *Gomez v. City of Norwalk*, No. 15-CV-1434 (MPS), 2017 WL 3033322, at *3 (D. Conn. July 17, 2017).[3]

It is this final theory of liability, failure to train and supervise, that Plaintiff claims led to his alleged injuries. To state a failure to train claim, a plaintiff "must plausibly allege a specific deficiency in the municipality's training." *Adams v. City of New Haven*, No. 3:14-CV-00778 JAM, 2015 WL 1566177, at *4 (D. Conn. Apr. 8, 2015). Moreover, a failure to train claim is properly dismissed where the complaint lacks "enough factual material . . . for the court to reasonably infer that the police misconduct . . . allege[d] was the result of anything other than the individual acts of the arresting officers." *Simms v. The City of New York*, No. 10-CV-3420 NGG RML, 2011 WL 4543051, at *2 (E.D.N.Y. Sept. 28, 2011), *aff'd sub nom. Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012).

To properly allege a failure to supervise claim, a plaintiff must prove (1) that defendants "should have known their inadequate supervision was so likely to result in the alleged deprivations so as constitute deliberate indifference"; that (2) there were "obvious and severe deficiencies in the . . . defendants' supervision that reflect a purposeful rather than negligent course of action"; and (3) that there was "a causal relationship between the failure to supervise and the alleged deprivations to plaintiffs." *Reynolds,* 506 F.3d at 193.

---

[3] *See Monell*, 436 U.S at 480-81 (official policy" includes "formal rules or understandings—often but not always committed to in writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time"); *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) ("*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions."); *Wray*, 490 F.3d at 195 ("the failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact").

The Court holds that Plaintiff has not sufficiently alleged an official policy or custom through a failure by the Town of Old Saybrook to train or supervise its police officers. The Court begins it analysis as it does with any other complaint, keeping in mind that a Plaintiff cannot simply make "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Here, that is precisely what Plaintiff has done. Plaintiff's seven paragraphs alleging the *Monell* violation do no more than conclusorily list the elements of a *Monell* claim, and state that each of them was present in the instant case. *See, e.g.*, Compl. ¶ 46 ("prior to the incident involving the plaintiff, the Defendants were aware of a pattern of the use of unreasonable force, two [sic] took no action to discipline the violators, thus tacitly authorizing or condoning such conduct."); *id.* ¶ 48 ("[t]he Town was aware of a pattern of excessive force by police officers employed by Town; they were aware that the Town's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct those policies would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon the plaintiff"). Plaintiff has alleged no facts, however, to support any of these conclusory allegations, and fails to identify any particular deficiencies in the training and supervision of the officers at issue.

Courts in this Circuit have regularly found that such conclusory allegations fail to allege a *Monell* claim. *See Goss v. City of New London*, No. 3:20-CV-01507 (SALM), 2022 WL 375462, at *3 (D. Conn. Feb. 8, 2022) (when a complaint contains only "conclusory statements about there being inadequate training and oversight, it fails to meet the requirements of *Monell*"); *McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 32 (2d Cir. 2019) (affirming dismissal of *Monell* claims where plaintiff failed to provide factual allegations to support his conclusory assertions); *Simms*, 2011 WL 4543051, at *3 (conclusory assertion that the police department "had actual or

de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers" was insufficient to state a *Monell* claim).

In opposition to the motion to dismiss, Plaintiff argues only that he has adequately alleged the elements of a *Monell* claim and that, drawing all inferences in his favor, his count survives. Plaintiff's first argument that he adequately pleaded the elements of a *Monell* claim fails for the reasons discussed above: his allegations are conclusory and are unsupported by any facts. As for the second argument, Plaintiff asks this Court to infer that the officers in this case "did not fear disciplinary reprisals for their acts, and that their supervisors would simply rubber stamp and approve the use of force, regardless of the circumstances." ECF No. 26 at 4. Such an inference would not only be an unreasonable logical leap from the allegations of the complaint, but it is also contrary to established case law. Specifically, a "factfinder's inferences of inadequate training and causation [must] be based on more than the mere fact that the misconduct occurred in the first place." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 (2d Cir. 2004). Plaintiff asks this Court to infer that simply because the wrong occurred, it must be the case that Defendants failed in their duties to train and supervise the officers in question. The Court cannot make such an inference. *See Adams*, 2015 WL 1566177, at *5 ("Plaintiff's circular reasoning—to infer the existence of a municipal policy merely from the fact that one or more officers broke the law— would well exceed the limits prescribed by *Monell* and result in municipal liability for practically all constitutional misconduct by any municipal employee."); *Simms*, 2011 WL 4543051, at *2 ("Here, there is not enough factual material in the Complaint for the court to reasonably infer that the police misconduct [the plaintiff] alleges was the result of anything other than the individual acts of the arresting officers"). Thus, Plaintiff has failed to adequately allege an official policy or

custom evinced through a failure to train or supervise police officers, and, in turn, failed to adequately allege his *Monell* claim.[4]

Plaintiff's allegations against Chief Spera in Count Nine likewise fail. To the extent Plaintiff is alleging the *Monell* claim in Count Nine against Chief Spera in his individual capacity, the Court questions whether such a claim can lie against a city official sued in an individual capacity. *See Amory v. Katz*, No. 15-CV-1535 (VAB), 2016 WL 7377091, at *5 (D. Conn. Dec. 19, 2016) (recognizing that *Monell* "does not apply to state officials or to individuals who are sued in their individual capacity"). Plaintiff's briefing advances, on the other hand, a theory of supervisory liability for Chief Spera in Count Nine—specifically, that "a government supervisor who fails to take obvious steps to prevent manifest misconduct is subject to suit under § 1983 in certain, limited circumstances." ECF No. 26 at 5 (citing *Reynolds*, 506 F.3d at 192). Whether such a claim is properly styled as a *Monell* claim is unclear.

In any event, Plaintiff has failed to adequately allege personal involvement by Chief Spera sufficient to state a claim. The Second Circuit recently clarified that "there is no special rule for supervisory liability" in a § 1983 claim. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Thus, for Plaintiff to plead a claim against Chief Spera in his individual capacity, he must show that Chief Spera violated Plaintiff's constitutional rights through his "own conduct." *Id*. at 619. Here, Plaintiff has failed to do so. As with Plaintiff's allegations against the town, he does no more than conclusorily state that Chief Spera was "aware of a pattern of the use of unreasonable force" and "took no action to discipline the violators." Compl. ¶ 46. Such assertions, absent any supporting facts, do not state a claim for *Monell* liability against the municipality, and they likewise

---

[4] Since the Court has determined that Plaintiff has not sufficiently alleged an official policy or custom, the Court need not reach the second element of a *Monell* claim: whether such an official policy or custom caused a deprivation of Plaintiff's constitutional rights. Defendants do not challenge that the allegations of the complaint, taken as true, adequately set forth such a deprivation.

do not state a claim against Chief Spera. *See Abernathy v. Comm'r of Corr.*, No. 3:20-CV-00628 (VAB), 2021 WL 1240018, at *6 (D. Conn. Apr. 2, 2021) ("A general allegation that a defendant failed to supervise subordinates is insufficient to establish personal involvement without a factual connection between that supervisory defendant's alleged failure and the alleged resulting harm to the plaintiff.").

### IV.  CONCLUSION

For the reasons described herein, Defendants' Partial Motion to Dismiss is GRANTED. Count Nine is dismissed in its entirety, and all claims against the individual Defendants in their official capacities are dismissed as duplicative. As Count Nine was the only count applicable to Chief Spera, the Clerk of Court is directed to terminate him as a Defendant in this action.

**SO ORDERED** at Hartford, Connecticut, this 29th day of September, 2022.

  /s/ Sarala V. Nagala  
SARALA V. NAGALA  
UNITED STATES DISTRICT JUDGE