UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD RICCIO,<br>    *Plaintiff*, | )<br>)    3:21-CV-821 (SVN)<br>) |
| v. | )<br>) |
| TOWN OF OLD SAYBROOK,<br>PATROLMAN TYLER SCHULZ, and<br>PATROLMAN JUSTIN HANNA,<br>    *Defendants*. | )<br>)<br>)    May 10, 2023<br>) |

## RULING AND ORDER ON PLAINTIFF'S MOTION TO AMEND

Sarala V. Nagala, United States District Judge.

In this federal civil rights action, Plaintiff Edward Riccio claims that his constitutional rights were violated in November of 2019, when Tyler Schulz and Justin Hanna, both police patrolmen in the Town of Old Saybrook, Connecticut (the "Town"), assaulted him and Schulz's K-9 unit attacked him. Plaintiff's complaint initially named Schulz and Hanna—as well as the Town and its Chief of Police Michael Spera—as defendants, and asserted ten counts, including a claim for *Monell* liability against the Town and Chief Spera for failure to appropriately train and supervise.[1] The Court thereafter dismissed Plaintiff's *Monell* claim and, in doing so, dismissed Chief Spera from this action entirely.

Presently before the Court is Plaintiff's motion for leave to amend his complaint to reassert his *Monell* claim against the Town and Chief Spera, based on information that Plaintiff contends recently came to light regarding Schulz's history and alleged pattern of police brutality. For the reasons below, Plaintiff's motion to amend is DENIED.

---

[1] Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), a town or municipality can be directly liable for violations of 42 U.S.C. § 1983 committed by its police officers in certain situations.

I.      RELEVANT FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff initiated this suit in June of 2021. Compl., ECF No. 1. His complaint alleges that, on November 1, 2019, he was driving on Interstate 95 in Old Saybrook when his steering wheel locked, causing his vehicle to crash into a jersey barrier. *Id.* ¶¶ 10–11. After the collision, Plaintiff, who was dazed and disoriented, began walking down I-95 in search of help and proceeded to walk onto an exit ramp, where he encountered Defendant Schulz and his police dog (the "K-9 unit"). *Id.* ¶¶ 12–13. Plaintiff alleges that, although he was not a physical threat, had not committed a crime, and told Schulz he was looking for help, Schulz nevertheless proceeded to issue a "command to his K-9 unit, causing the K-9 unit to suddenly and aggressively attack [Plaintiff], knocking him to the ground." *Id.* ¶¶ 14–15. The K-9 unit latched onto Plaintiff's leg with its teeth, refusing to release him, *id.* ¶ 16, and Schulz then began beating Plaintiff with his fists, *id.* ¶ 17. Defendant Hanna subsequently arrived and began beating Plaintiff as well. *Id.* ¶ 18. Plaintiff alleges that he was then arrested despite a lack of probable cause. *Id.* ¶ 20. He claims that his injuries from this incident "required three eye surgeries to repair a detached retina in his left eye," that his vision is now permanently impaired, and that he requires continuing psychological treatment for trauma. *Id.* ¶¶ 21–22.

Based on these allegations, Plaintiff asserted claims under 42 U.S.C. § 1983 for false arrest, excessive force, failure to intervene, and *Monell* liability; state law claims for assault and battery, negligence, recklessness, and intentional infliction of emotional distress; and state law indemnification claims. In October of 2021, Defendants filed a partial motion to dismiss, seeking dismissal of Plaintiff's *Monell* liability claim, dismissal of Chief Spera as a defendant, and dismissal of Plaintiff's official capacity claims against any individuals named as defendants. ECF

No. 23. The Court granted Defendants' partial motion to dismiss in September of 2022. ECF No. 43.

In January of 2023, Plaintiff moved pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Court's order dismissing his *Monell* claim, asserting that he had "newly acquired evidence showing a pattern of police brutality by [Defendant Schulz]." ECF No. 58. The Court denied Plaintiff's motion, finding that because the Court's dismissal order had dismissed some, but not all, of Plaintiff's claims, it was not a final order or judgment for purposes of Rule 60(b). ECF No. 61. The Court further explained that, if Plaintiff wished to amend his complaint to reassert his *Monell* claim, then he would need to seek leave to amend pursuant to Federal Rule of Civil Procedure 16(b). *Id.*

On February 10, 2023, Plaintiff filed his present motion for leave to amend, seeking to reassert his *Monell* claim against both the Town and Chief Spera. Mot., ECF No. 64. In support, Plaintiff argues that Defendants deliberately withheld information regarding Schulz's disciplinary history, including information regarding a separate incident involving a K-9 unit that came to light in a news article published in January of 2023. *Id.*

## II. LEGAL STANDARD

As the Second Circuit has explained, "[t]he ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022). "At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission." *Id.* After that period ends, the plaintiff may amend the complaint only after obtaining the defendant's consent or the leave of the court. Rule 15(a)(2), a

liberal standard, instructs the Court to "freely give leave when justice so requires." Generally, a court will deny a proposed amendment pursuant to Rule 15(a)(2) only due to bad faith, futility, or prejudice to the opposing party. *See id.*

If the district court "issues a scheduling order setting a date after which no amendment will be permitted," however, then any request by the plaintiff to amend the complaint is governed by the stricter "good cause" standard set forth in Rule 16(b)(4). *See id.* Relevant here, the scheduling order in this action provided that "[a]ny motion to amend the complaint will be governed by the good cause standard of Fed. R. Civ. P. 16(b)." ECF No. 17 at 1. Accordingly, the good cause standard in Rule 16(b) applies to Plaintiff's present motion. For purposes of Rule 16(b), whether good cause exists generally "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), *overruled on other grounds as recognized in Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019). The Court can also consider whether allowing amendment of the complaint at a particular stage of the litigation would prejudice the defendant(s). *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

### III.   DISCUSSION

In seeking leave to amend, Plaintiff asserts that he meets the good cause standard because Defendants deliberately failed to disclose relevant information that would have established a pattern of misconduct by the Town's police officers sufficient to state a *Monell* claim. In response, the Town and Defendant Hanna[2] assert that Plaintiff did not act diligently in seeking this information, that they would be prejudiced by Plaintiff's proposed amendment, and that Plaintiff's proposed amendment is futile. The Court agrees that Plaintiff has failed to show that he acted

---

[2] Defendant Schulz has not filed an opposition to Plaintiff's present motion.

4

diligently in seeking discovery related to the alleged facts he attempts to assert in his proposed amended complaint, and that Defendants would be unfairly prejudiced by Plaintiff's proposed amendment. Accordingly, Plaintiff's motion to amend is DENIED.

The parties' briefing and exhibits as to the present motion reflect the following sequence of events relating to Plaintiff's diligence. On October 6, 2021, Plaintiff served interrogatories and requests for production on Defendants. Mot. at 2; *see* ECF No. 64-1 at 2–13. In his discovery requests, Plaintiff sought information regarding Schulz's prior disciplinary history, including information pertaining to prior use of force incidents. Mot. at 2; *see* ECF No. 64-1 at 2–13. On November 5, 2021, Defendants timely served objections to Plaintiff's discovery requests pertaining to Schulz's disciplinary history. ECF No. 66-1 at 2; ECF No. 64-1 at 2–13; *see* Mot. at 2; Opp'n, ECF No. 66, at 5. In a letter dated January 19, 2022, Plaintiff demanded responses to the discovery requests to which Defendants had objected. ECF No. 64-1 at 15–17; *see* Mot. at 2; Opp'n at 5. The Town and Defendant Hanna contend, and Plaintiff does not dispute, that defense counsel subsequently followed up with Plaintiff's counsel by phone or email three times—on January 21, January 24, and January 26, 2022—to attempt to schedule a time when the parties could confer and narrow their discovery disputes, but Plaintiff's counsel did not respond. Opp'n at 5; *see* ECF No. 66-1 at 4–5.[3]

More than five months later, on July 1, 2022, Plaintiff's counsel sent an email to defense counsel, attaching the January 19 letter and seeking a response. Opp'n at 6. Defense counsel called Plaintiff's counsel on July 5, 2022, offering again to attempt to narrow the parties' disputes; counsel thereafter agreed to address their disputes at Defendants' depositions, which the parties were attempting to schedule at that time. *Id.* Plaintiff's counsel's office followed up with defense

---

[3] At all times relevant to the parties' discussions regarding their discovery disputes, all Defendants were represented by the same counsel. On January 18, 2023, separate counsel appeared for Defendant Schulz. ECF No. 49.

counsel again regarding the January 19 letter on both August 16 and August 29, 2022. *Id.*; Mot. at 3. In both instances, a staff member simply forwarded the January 19 letter to Defendants' counsel, requesting a response. ECF No. 64-1 at 21–22. Defense counsel responded to the August 16 email to ask whether Plaintiff requested a formal response, given that the parties had agreed to address the issues at the depositions. ECF No. 66-1 at 7. The Town and Defendant Hanna represent that counsel for the parties spoke on August 30, 2022, and, during that call, defense counsel stated that Defendants would stand by their objections but were open to further discussions to narrow the parties' disputes. Opp'n at 6. Plaintiff does not contest the Town and Defendant Hanna's assertions that Plaintiff's counsel never initiated any further discussions, and that Plaintiff did not notice Defendants' depositions until January of 2023. *See id.* at 6–7.

Based on this sequence of events, Plaintiff has failed to show good cause for permitting his proposed amendment. While leave to amend may be appropriate under certain circumstances where a party "learns new facts through discovery that were unavailable prior to the applicable deadline" and "moves promptly" to amend based on such facts, *see Klinkowitz v. Jamaica Hosp. Med. Ctr.*, No. 20-CV-4440-EK-SJB, 2022 WL 818943, at *3 (E.D.N.Y. Mar. 17, 2022) (quoting *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016)), the Court "must also examine whether [the plaintiff] had notice of, or was diligent in discovering, the alleged new facts," *id.* (quoting *Rococo Assocs., Inc. v. Award Packaging Corp.*, No. 06-CV-0975, 2007 WL 2026819, at *3 (E.D.N.Y. July 9, 2007)). Here, Plaintiff has utterly failed to show that he acted diligently in discovering the alleged new facts he attempts to include in his proposed amended complaint.

Plaintiff does not dispute that he waited more than ten weeks—between November 5, 2021, and January 19, 2022—to respond to Defendants' objections to his discovery requests. Then,

when defense counsel contacted Plaintiff's counsel in an attempt to resolve the parties' disputes, Plaintiff's counsel delayed more than five months before responding. Although Plaintiff's counsel followed up with defense counsel regarding the discovery requests in August of 2022, by simply reforwarding the requests, Plaintiff does not dispute that he never initiated any further discussions after August of 2022 to narrow the parties' disagreements, despite defense counsel's willingness to participate in such discussions. Accordingly, the record in this case reflects a pattern of delay on Plaintiff's part that falls far short of demonstrating that he acted diligently in discovering the facts that are the subject of his present motion to amend.

Moreover, Plaintiff did not, at any time, seek the Court's intervention to compel the disclosure of information regarding Schulz's disciplinary history, as he could have done if he felt Defendants were improperly withholding such information. Instead, Plaintiff delayed several months and sought leave to amend only after the information was brought to his attention by other means—namely, via a news article. Plaintiff's failure to fully avail himself of the available avenues for seeking discovery in this action further weighs against a finding that he has acted diligently. *See Broadhurst Invs., LP v. Bank of N.Y. Mellon*, No. 09 CIV. 1154 PKC, 2010 WL 3154840, at *3 (S.D.N.Y. Aug. 2, 2010) (denying plaintiffs' request to amend their complaint to add class action claims where, among other things, plaintiffs acknowledged that they had not sought to compel discovery of documents relevant to their class allegations during the discovery period); *see also Lee v. N. Metro. Found. For Healthcare, Inc.*, No. 21-2155, 2022 WL 17366627, at *4 (2d Cir. Dec. 2, 2022) (summary order) (concluding that the district court did not abuse its discretion in denying request to reopen discovery where movant "had ample time to request – and if necessary, compel – the production of the documents [at issue] . . . during the discovery period").

7

The Court is unpersuaded by Plaintiff's argument that his motion should be granted because Defendants acted in "bad faith" by withholding information regarding Schulz's disciplinary history. At the outset, Plaintiff makes this argument under Rule 15(a)(2) principles; given that the Court is denying Plaintiff's motion pursuant to Rule 16(b), however, it does not address the question of whether amendment is proper under Rule 15(a)(2). *See Parker*, 204 F.3d at 340 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), for the proposition that Rule 16's "standards may not be short-circuited by an appeal to those of Rule 15" (brackets omitted)). Moreover, Plaintiff appears to misread the Rule 15(a)(2) standard in this Circuit, which permits amendment absent a showing of futility, prejudice to the opposing party, or bad faith by the *plaintiff*, *see Sacerdote*, 9 F.4th 95 at 115. In any event, Plaintiff's allegations of bad faith ring hollow in this case, where Defendants offered several times to engage with Plaintiff regarding the discovery dispute, and Plaintiff failed to diligently pursue the discovery he now claims Defendants failed to produce.[4]

The Court also finds that allowing amendment at this stage of the litigation would be unfairly prejudicial to Defendants. Rule 16(b)'s good cause standard is "designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker*, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment)). The Court previously dismissed Plaintiff's *Monell* claim because it was insufficiently pleaded; allowing the reinsertion of this claim nearly two years into

---

[4] Plaintiff states in his present motion that he "requested all internal affairs investigations involving [Schulz], and was advised that no such investigation existed," and that this "was contradicted by media reports about [Schulz's] pattern of misconduct." Mot. at 4. Plaintiff, however, offers this statement without citation and he provides no specificity regarding when he requested such information and who advised him that no investigation existed. Moreover, Plaintiff provides no documentary support for this assertion; rather, he only vaguely references "media reports." Accordingly, the Court will not address this argument any further.

the litigation—in the face of a demonstrable lack of diligence by Plaintiff—would unfairly prejudice Defendants.

In sum, Plaintiff has failed to demonstrate good cause to amend his complaint pursuant to Rule 16(b).  Because the Court denies leave to amend pursuant to Rule 16(b), it need not reach the question of whether Plaintiff's proposed amendments are futile.  *See McCree v. City of New York*, No. 21-CV-02806-EK-SJB, 2023 WL 1825184, at *2 (E.D.N.Y. Feb. 8, 2023) ("When denying a motion to amend on the basis of Rule 16 deficiencies, the Court need not reach the more lenient Rule 15 standard which indicates leave to amend be freely given.").

## IV.  CONCLUSION

For the reasons described herein, Plaintiff's motion to amend is DENIED.  This action shall continue to proceed only as to Counts One through Eight and Ten of Plaintiff's complaint, ECF No. 1.  All deadlines in the Court's current scheduling order, as modified and set forth in ECF No. 63, remain in effect.

**SO ORDERED** at Hartford, Connecticut, this 10th day of May, 2023.

      */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE